# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
July 16, 2014 Session

## STATE OF TENNESSEE v. LINZEY DANIELLE SMITH

**Appeal from the Circuit Court for Williamson County**
**No. IICR077410     James G. Martin, III, Judge**

———————————

**No. M2013-02818-CCA-R3-CD - Filed February 2, 2015**

———————————

NORMA MCGEE OGLE, J., dissenting.

I respectfully disagree in the reasoning and result reached in the majority opinion. The majority opinion concludes that our supreme court's holding in Brotherton is dispositive and requires that this court affirm the defendant's conviction. However, in my view, Brotherton is clearly distinguishable from the instant case.

In State v. Brotherton, the officer stopped the defendant to investigate the defendant's broken taillight. 323 S.W.3d 866, 868 (Tenn. 2010). As noted by the majority, a brief investigatory detention for further investigation must be supported by reasonable suspicion. State v. Hanning, 296 S.W.3d 44, 48 (Tenn. 2009). Our supreme court concluded that Brotherton's shoddy repair of the light with red taillight tape, along with "[t]he bright white light shining from the hole in the tape on Mr. Brotherton's taillight," provided the officer with reasonable suspicion that the defendant was in violation of Tennessee Code Annotated section 55-9-402(b). Brotherton, 323 S.W.3d at 871-72.

In the instant case, the officer testified that he stopped the defendant because she failed to maintain her lane of travel in violation of Tennessee Code Annotated section 55-8-123(1). In other words, he stopped her for the actual commission of a traffic offense, not to investigate further. Therefore, the question was whether the defendant's driving provided the officer with the higher standard of probable cause to make the stop and issue a citation. See id. at 870.

Trooper Achinger stated that as the defendant was entering "a big swooping curve," her vehicle drifted to the right toward the shoulder of the road and crossed the fog line by less than six inches. As the defendant exited the curve, she corrected the vehicle back into its lane. She then "drifted" to the right two additional times. However, she did not cross the fog

line either time, and she "drove fine" for more than two miles. Trooper Achinger said that the defendant never weaved within her lane, that her car's tires never crossed the dotted white line to the left, that she never changed lanes, and that he would not describe her driving as erratic before he stopped her. In my view, the facts of this case did not provide the officer with probable cause to stop and issue the traffic citation, particularly when the statute at issue provides that a vehicle shall be driven "as nearly as practicable" within a single lane.

Furthermore, I believe my conclusion comports with this court's holdings in State v. Ann Elizabeth Martin and State v. Watson. In Ann Elizabeth Martin, this court concluded that the defendant's briefly crossing the fog line one time on a four-lane highway did not result in reasonable suspicion or a traffic violation. No. E1999-01361-CCA-R3-CD, 2000 Tenn. Crim. App. LEXIS 693, at *18-19 (Knoxville, Sept. 8, 2000). As noted by the majority, the facts in Ann Elizabeth Martin are "remarkably similar" to the facts in the instant case. In Watson, this court concluded that the officer had reasonable suspicion to stop the defendant for DUI. However, the facts in Watson are quite different from the facts in Ann Elizabeth Martin and the facts here in that the officer saw the defendant pull onto a two-lane highway from a bar, cross the fog line twice, and cross the double yellow lines once. Watson, 354 S.W.3d at 331. As this court noted, the defendant was "certainly more than weaving within his own lane of traffic," and his crossing the double yellow lines alone would have established probable cause for the stop. Id.

In sum, I think the trial court should have granted the defendant's motion to suppress. Therefore, I would reverse the judgment of the trial court.

_____
NORMA MCGEE OGLE, JUDGE

-2-